IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Perlick Corporation<br><br>     Plaintiff,<br><br>v.<br><br>Zephyr Ventilation LLC<br><br>     Defendant. | Civil Action No. 6:22-cv-146<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Perlick Corporation ("Perlick" or "Plaintiff"), for its Complaint against Defendant Zephyr Ventilation LLC, (referred to herein as "Zephyr" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Perlick is a corporation organized under the laws of the Wisconsin with a place of business at 8300 W. Good Hope Rd, Milwaukee, WI 53223.

3. Upon information and belief, Zephyr is a corporation organized under the laws of the California with a place of business at 2277 Harbor Bay Pkwy Alameda, CA, 94502. Upon information and belief, Zephyr sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

7. This Court has personal jurisdiction over the Zephyr under the laws of the State of Texas, due at least to their substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.  Venue is also proper in this district because Zephyr has a regular and established place of business in this district.  For instance, Zephyr has sold, offered to sell, made, used, and/or provided and caused to be used products in this judicial district.  For example, Zephyr is registered to do business in the State of Texas having a registered agent Northwest Registered Agent, LLC at 5900 Balcones Drive Suite 100, Austin, TX 78731.  Zephyr also has multiple authorized dealers located in this district, including Factory Builder Stores, located at 9715 Burnet Road, Austin, TX 78758 and Morrison Supply Company, located at 6225 Burnet Road, Austin, TX 78754.

## BACKGROUND

**The Invention**

8. Mr. Frederick G. Luehrs, Mr. Henry Groth, Jr., Mr. Karl R. Krumbiegal, Mr. Ryan K. Marks, Mr. Kevin M. Rehm, Mr. Gottfried Urban, Mr. Timothy Alan Gilbertson, and Mr. Dennis Weigand are the inventors of U.S. Patent No 7,451,614 ("the '641 patent").  A true and correct copy of the '614 patent is attached as Exhibit A.

9. The '614 patent resulted from the pioneering efforts of Mr. Frederick G. Luehrs, Mr. Henry Groth, Jr., Mr. Karl R. Krumbiegal, Mr. Ryan K. Marks, Mr. Kevin M. Rehm, Mr. Gottfried Urban, Mr. Timothy Alan Gilbertson, and Mr. Dennis Weigand (hereinafter "the Inventors") in the area of refrigeration. These efforts resulted in the development of a method and apparatus for Refrigeration System and Components Thereof in the early 2000s. At the time of these pioneering efforts, the most widely implemented technology used to address refrigeration systems with at least two cooling zones was circulation of air from one section to another. In that type of system, a signification amount of energy was used, loud noises where produced, there was a need to defrost compressors, and multiple compressors or fans were required. The Inventors conceived of the inventions claimed in the '614 patent as a way to provide a refrigeration system that is cost-effective to manufacture, efficient to operate, relatively quiet when functioning, and overcomes particular deficiencies found in the technology.

10. For example, the Inventors developed a multi temperature zone refrigeration system with a single compressor for at least two temperature cooling zones. The refrigeration system having a temperature divider, a heat transfer substance and a heat exchange chamber.

**Advantage Over the Prior Art**

11. The patented invention disclosed in the '614 patent, provides many advantages over the prior art, and in particular improved the operations of cooling multiple temperature zone refrigeration systems. (*See* '614 patent at 2:7-10.) One advantage of the patented invention is a container with two different temperature cooling zones, separated by a divider having a wall and partition, wherein the partition has a heat transfer plate with a sheet and heat transfer substance attached to keep from needing multiple compressors or fans. (*See* '614 patent at 2:11-17.)

12. Another advantage of the patented invention is cooling the refrigeration system with a compressor system having refrigeration and hot-gas defrost modes, with a controller that controls and selects operations of the compressor system. (*See* '614 patent at 2:17-21.)

13. Another advantage of the patented invention is a closed system compressor system having an evaporator functionally connection to a variable capacity compressor. The compressor system selectively operating in, at a minimum, a refrigeration mode and a hot-gas defrost mode, wherein the evaporator is defrosted by circulation of gas during hot-gas defrost mode. (*See* '614 patent at 2:22-28.)

14. Another advantage of the patented invention is a compressor system with a variable capacity compressor connected to a condenser, connected to a divider, connected to a hot-gas by-pass valve and heat exchanger. With a hot-gas by-pass valve and heat exchanger connected in parallel to one another and both connected to an evaporator. The evaporator being connected to the variable capacity compressor for the closed system, wherein a controller may selectably open and close the hot-gas bypass valve. (*See* '614 patent at 2:28-37.)

15. Yet another advantage of the patented invention is that it has multiple possible applications beyond residential and commercial refrigeration. (*See* '614 patent at 2:38-55.)

16. Because of these significant advantages that can be achieved through the use of the patented invention, Perlick believes that the '614 patent presents significant commercial value for companies like Zephyr. Indeed, the invention allows for instance, restaurants, bars or other areas serving food and/or beverages to have a single cooling system with two temperature zones. These temperature zones may be, for example, a freezing zone and a refrigeration zone.

**Technological Innovation**

17.     The patented invention disclosed in the '614 patent resolves technical problems related to refrigeration systems, particularly problems related to the utilization of multiple cooling temperature zones.  As the '614 patent explains, one of the limitations of the prior art as regards to the cooling of multiple temperature zones in a refrigeration system was that cycling the compressor required a significate amount of energy and created loud noises, there was buildup on the heat exchange elements, a need for routine defrosting of compressor, and a need for use of multiple compressors or fans.  (*See* '614 patent at 1:6-2:3.)

18.     The claims of the '614 patent do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '614 patent recite inventive concepts that are deeply rooted in engineering technology, and overcome problems specifically arising out of how to provide a refrigeration system that is cost-effective to manufacture, efficient to operate, relatively quiet when functioning, and overcomes particular deficiencies found in the technology.

19.     In addition, the claims of the '614 patent recite inventive concepts that improve the functioning of a refrigeration system particularly in making the refrigeration system more efficient and quieter while overcoming deficiencies in the technology.

20.     Moreover, the claims of the '614 patent recite inventive concepts that are not merely routine or conventional use of refrigeration systems.  Instead, the patented invention disclosed in the '614 patent provides a new and novel solution to specific problems related to improving refrigeration systems.

21. And finally, the patented invention disclosed in the '614 patent does not preempt all the ways that cooling systems may be used to improve the refrigeration systems, nor does the '614 patent preempt any other well-known or prior art technology.

22. Accordingly, the claims in the '614 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,451,614

23. The allegations set forth in the foregoing paragraphs 1 through 23 are incorporated into this First Claim for Relief.

24. On November 18, 2008, the '614 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Refrigeration System and Components Thereof"

25. Perlick is the assignee and owner of the right, title and interest in and to the '614 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

26. Upon information and belief, Zephyr has and continues to directly infringe one or more claims of the '614 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically one or more Zephyr refrigerators, which by way of example include without limitation Full Size Dual Zone Wine & Beverage Cooler, ADA Dual Zone Cooler, Panel Ready Dual Zone Wine Cooler, Full Size Dual Zone Cooler, Black Stainless Dual Zone Wine Cooler, and Dual Zone Wine Cooler, found at https://zephyronline.com/products/wine-beverage-coolers/?filter_cooling-zones=dual (the "Accused Instrumentalities").

27. Exemplary infringement analysis showing infringement of claim 17 of the '614 patent is set forth in Exhibit B.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Zephyr with respect to the '614 patent. Perlick reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '614 patent.

28. The Accused Instrumentality infringed and continues to infringe at least claim 17 of the '614 patent during the pendency of the '614 patent.

29. On information and belief, Zephyr has knowledge of that patent as of the date of this complaint.

30. Perlick has been harmed by the Zephyr's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Perlick demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Perlick demands judgment for itself and against Zephyr as follows:

A. An adjudication that Zephyr has infringed the '614 patent;

B. An award of damages to be paid by Zephyr adequate to compensate Perlick for Zephyr's past infringement of the '614 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Perlick's reasonable attorneys' fees; and

      D.      An award to Perlick of such further relief at law or in equity as the Court deems just and proper.

| | |
|---|---|
| Dated: February 9, 2022 | DEVLIN LAW FIRM LLC |
| | |
| | */s/ Timothy Devlin* |
| | Timothy Devlin |
| | Derek F. Dahlgren (to be admitted *pro hac vice*) |
| | Mariam Clayton (to be admitted *pro hac vice*) |
| | 1526 Gilpin Avenue |
| | Wilmington, Delaware 19806 |
| | tdevlin@devlinlawfirm.com |
| | ddahlgren@devlinlawfirm.com |
| | mclayton@devlinlawfirm.com |
| | Telephone: (302) 449-9010 |
| | Facsimile: (302) 353-4251 |
| | |
| | *Attorneys for Plaintiff Perlick Corporation* |